NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4316
_____

UNITED STATES OF AMERICA

v.

MARTIN PEYNADO, a/k/a Leslie Gordon


MARTIN PEYNADO,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-00012-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2010

Before:  SMITH, FISHER and GREENBERG, *Circuit Judges*.

(Filed: June 24, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Martin Peynado appeals his conviction for making false statements to the Bureau

of Immigration and Customs Enforcement, in violation of 18 U.S.C § 1001(a)(2), and

hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) & (C). Peynado's counsel filed a motion in accordance with *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw from representing Peynado. We find that counsel has failed to satisfy his obligations under *Anders*. However, based on our independent review of the record, and our review of the arguments raised by Peynado in a brief filed *pro se*, we agree that any appeal would be patently frivolous and will grant counsel's motion.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Peynado illegally entered the United States from Jamaica for the first time on May 20, 1995. Immigration officials detained him upon entry because he attempted to use a fraudulent passport. At that time, Peynado made a sworn statement attesting that he was born in Bog Walk, Saint Catherine, Jamaica. Peynado was excluded from the United States and was shortly thereafter deported to Jamaica.

Peynado reentered the United States at some later, unknown time and, on February 21, 2007, was arrested and indicted in the Middle District of Pennsylvania for illegal reentry into the United States following deportation. Peynado pleaded guilty and during a presentence investigation he again stated that he was born in Bog Walk, Saint

2

Catherine, Jamaica. Throughout those proceedings, Peynado maintained that he was a Jamaican citizen. Peynado was sentenced to time served of approximately five months.

Peynado once again affirmed that he was a citizen of Jamaica on November 1, 2007, while he was in prison. Seeking protection from removal to Jamaica, Peynado made a sworn statement to the Department of Homeland Security officials stating that he feared he would be murdered if he returned to Jamaica. He also swore that he was born in Saint Catherine, Jamaica and that he was a citizen of Jamaica and no other country. Based on these claims, on August 13, 2008, Peynado filed an application with the District Court for the Eastern District of Pennsylvania to stay removal. On this application, Peynado once again listed his country of citizenship as Jamaica.

On October 1, 2008, this Court denied his appeal of the District Court's denial of his request for a stay of removal. On a Bureau of Immigration and Customs Enforcement ("ICE") request form relating to his appeal, Peynado again indicated his country of citizenship as Jamaica. Peynado's removal from the United States was scheduled for November 19, 2008.

Peynado first claimed to be a citizen of Haiti on a petition for a writ of habeas corpus that he filed on November 16, 2008, in the District Court for the Middle District of Pennsylvania. This petition failed to indicate that Peynado was scheduled to be deported to Jamaica, nor did it reveal his previous assertions that he was a citizen of Jamaica. Rather, the petition requested release from custody because Haiti was refusing to accept

3

the repatriation of deportees. Peynado also filled out another ICE request form on November 17, 2008, but this time he listed his country of citizenship as Haiti. The District Court denied Peynado's habeas corpus petition, but directed ICE to treat the petition as a request for release.

Throughout his various proceedings, Peynado failed to produce documentation of his citizenship of either Jamaica or Haiti. In an attempt to verify his nationality, the government did not contact any of Peynado's family, but did contact Jamaican authorities, the United States embassy in Jamaica, and ICE, but could not find documentation related to Peynado's citizenship. Further, despite repeated warnings, Peynado failed to obtain travel documents from Jamaica or Haiti and did not assist in his removal in any way.

On January 14, 2009, an indictment charged Peynado with making false statements to ICE, in violation of 18 U.S.C § 1001(a)(2), and hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) & (C). On June 29, 2009, a jury found Peynado guilty of both counts and on October 28, 2009, he was sentenced to 21 months' imprisonment and three years' supervised release.

Peynado filed a timely notice of appeal. Court-appointed counsel filed an *Anders* brief and a motion to withdraw. Peynado filed a *pro se* brief.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C § 1291. We consider counsel's *Anders* brief in light of

4

"(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). For an *Anders* brief to be considered adequate, we require counsel "(1) to satisfy the court that he or she had thoroughly scoured the record in search of appealable issues; and (2) to explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). In those cases that frivolousness is patent, however, we will not reject counsel's *Anders* brief as inadequate. *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

### III.

Although the *Anders* brief filed by Peynado's counsel is inadequate, we will grant counsel's motion to withdraw and affirm Peynado's conviction due to the patent frivolousness of the issues both his counsel and he present.

### A.

Peynado's counsel's *Anders* brief is inadequate because it does not explain why the issue on appeal – the sufficiency of the evidence to convict Peynado – is frivolous. We find *Anders* briefs in which "counsel argue[s] the purportedly frivolous issues aggressively without explaining the faults in the arguments" to be inadequate. *Marvin*, 211 F.3d at 781. Counsel's brief argues that "[t]his Court should find that insufficient evidence was adduced at trial to support the jury's verdicts of guilt." (Anders Br. at 13.) Although counsel outlines the issue for appeal, he provides no explanation at to why the

5

issue is frivolous.  In fact, he argues in favor of the validity of the very issue that he wishes this Court to dismiss.

B.

We affirm Peynado's conviction because after an independent review of the record we find that the issues on appeal are patently frivolous.  Peynado argues in his brief that there is insufficient evidence to convict him of making false statements, under 18 U.S.C § 1001(a)(2), and hindering removal, under 8 U.S.C. § 1253(a)(1)(B) & (C).  Peynado's arguments that this Court lacks jurisdiction over him are unintelligible and completely unfounded; we will therefore dismiss them without further consideration.

After an independent review of the record, we also believe that there was sufficient evidence that Peynado made false statements to ICE.  Under 18 U.S.C § 1001(a)(2), the government must prove that the defendant willfully made a false statement that was material to the operations of an agency and was within the jurisdiction of that agency.  Peynado's petition for habeas corpus itself proves that he made a statement to ICE with the intent of stopping his removal, satisfying the requirements of a statement, materiality and agency jurisdiction.

Peynado's record with ICE shows that his statement that he is a Haitian citizen is false.  Throughout his dealings with both ICE and the United States Courts between May 20, 1995, and November 16, 2008, Peynado represented himself as a Jamaican citizen.  In that time period, he provided several sworn statements that he was a citizen of

6

Jamaica, including a statement on November 1, 2007, in which he swore that he was not a citizen of any country except Jamaica. Peynado also filed numerous request forms and petitions, each time confirming his Jamaican citizenship. Furthermore, when Peynado was deported for the first time in 1995, he was deported to Jamaica, and he did not dispute his citizenship at that time. There are no documents or records that Peynado is a citizen of Haiti. Only Peynado's own testimony, which is confusing at best, links him to Haiti.

The timing of Peynado's claim of Haitian citizenship shows the falsity of his statements. Peynado claimed Haitian citizenship only after he read an article (which he sent to an ICE agent) that reported that the United States would not deport Haitians because of intolerable living conditions caused by several hurricanes. Even after reading this article, Peynado did not renounce his longtime claims of Jamaican citizenship until he knew that his appeal of the dismissal of his petition for habeas corpus had failed. The extensive record of Jamaican citizenship, combined with the convenient timing of his claim of Haitian citizenship, suggests that Peynado's current claim is a desperate ploy to avoid removal. The timing of the petition itself, which comes after Peynado exhausted all other options for avoiding removal, suggests that Peynado knew his claims of Haitian citizenship were false and made them only out of necessity.

We also find that Peynado's false statements hindered his removal because he remains in this country after the date set for his removal. An alien is guilty of hindering

7

removal when that alien "connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure." 8 U.S.C. § 1253(a)(1)(C). Peynado's clear purpose in filing a petition was to remain in the country. The fact that he made false statements to do so brings his actions within 8 U.S.C. § 1253(a)(1)(C). Peynado connived to remain in the country after his scheduled deportation date of November 18, 2008; therefore, we find that the evidence was sufficient to find him guilty of hindering removal under 8 U.S.C. § 1253(a)(1)(C).

We further find that there was sufficient evidence that Peynado did not aid his removal as required by federal statute. To prove that an alien hindered removal under 8 U.S.C. § 1253(a)(1)(B), the government needs to show that the alien willfully failed or refused to make a timely, good faith effort to supply travel or other documents necessary to that alien's departure. 8 U.S.C. § 1253(a)(1)(B). Peynado did not provide the government with any documents from any country that would aid his travel. He twice claimed to have lost a birth certificate, although one claim pertained to a Jamaican certificate and the other to a certificate issued by Haiti. ICE cannot even find documentation verifying his identity.

IV.

For the foregoing reasons, we will grant counsel's *Anders* motion and affirm the District Court's judgment of conviction.

8